OPINION
Douglas Neville, Jr. appeals from his conviction in the Clark County Common Pleas Court of Child Endangering which resulted in serious physical harm to the child in violation of R.C.2919.22(A), a third degree felony.
Neville's appointed appellate counsel has notified this court that he can find no appealable issue in this matter and he has requested permission to withdraw pursuant to Anders v. California
(1967), 386 U.S. 738. Pursuant to that decision, we notified Neville on April 21, 1999 that he had sixty (60) days to file a brief on his own behalf. Since no brief has been filed, we will consider the appeal on the merits and determine whether any prejudicial error was committed in the trial court.
In sentencing the defendant to a definite sentence of five years, the trial court found that the defendant had committed the "worst form of the offense" and the defendant posed the greatest likelihood of recidivism. The trial court ordered and considered a pre-sentence investigation report by the probation department. We ordered that the report be made a part of the appellate record and it has now been filed.
The report indicated the victim of the offense was Marcus Neville, the defendant's son, who was born on March 17, 1997. Shortly after his birth, Marcus was admitted to a hospital in South Carolina for various injuries, including a subarachnoid hemorrhage, bumps on his head, burns on his hand and seizures.
Although the child was initially removed from the care of both parents, he was returned to the mother. Subsequently, in July 1997 Marcus was flown to Dayton's Children's Medical Center suffering from massive brain injuries and multiple bruising of his face and legs. He was diagnosed as a "battered child." His brain injuries are considered permanent. His sight is presently gone and the child's temporal lobes which control speech and memory are also gone. Marcus will need extensive therapy the rest of his life. He also suffers from cerebral palsy due to his injuries.
We certainly find no abuse of discretion present in the trial court's finding that the defendant committed the "worst form" of the child endangering offense. The trial court thus appropriately imposed the longest prison term authorized for the third degree felony.
The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Suzanne M. Luthe
Ronald R. Boblitt
Douglas R. Neville, Jr.
Hon. Richard J. O'Neill